**TAPIA et al. v. LUCERO.**

No. 5082.

Supreme Court of New Mexico.

July 13, 1948.

Henry J. Hughes, of Santa Fe, for appellant.

William J. Truswell, of Albuquerque, amicus curiæ, for appellant.

C. C. McCulloh, Atty. Gen., Robert W. Ward, Asst. Atty. Gen., and Marcelino Gutierrez, Dist. Atty., of Santa Fe for appellee.

McGHEE, Justice.

This is a class action brought by the appellant, a Rio Grande Pueblo Indian, on behalf of himself and the Indians of the Pueblos of Jemez, Acoma, San Juan, Picuris, San Felipe, Cochiti, Santo Domingo, Taos, Santa Clara, Tesuque, Pojoaque, San Ildefonso, Zia, Isleta Nambe, Sandia, Santa Ana and Laguna, seeking a declaratory judgment that he and the Indians of the Pueblos above named are qualified voters in New Mexico.

The case was submitted to the trial court upon the pleadings and a stipulation of facts.

The following findings of fact are challenged in whole or in part upon the ground that they are not sustained by the stipulation:

1. That plaintiff, Pete Tapia, is a member of the Pueblo Indian Tribe and lives in a tribal relationship with such Pueblo Indian Tribe.

2. That the plaintiff, Pete Tapia, is subject to and abides by the tribal laws and customs of the Pueblo Indian tribe.

3. That the plaintiff has paid no ad valorem taxes upon the personal property owned by him located upon the Indian reservation upon which he resides, and pays no ad valorem taxes upon the real estate upon which he resides on such Pueblo reservation.

It is stipulated that the only place of residence of the plaintiff and all other Pueblo Indians is upon their own Pueblo lands, but there is nothing to show that they live in tribal relationship and are subject to the tribal laws and customs. Neither is there anything to show what such laws and customs may be, or that the Indians have any personal property.

There is also another finding to which we desire to call attention reading as follows:

"That this plaintiff and all other members of the said Pueblos do pay some state and federal taxes."

This finding is evidently based upon that part of the stipulation reading:

"That the plaintiff herein and all members of the Pueblos hereinbefore mentioned, are subject to and pay the state sales tax, the state and federal gasoline tax, and perhaps other taxes."

What other taxes are perhaps paid by these Pueblo Indians? Are they excise or ad valorem taxes?

The State of New Mexico has based its refusal to allow Indians not taxed to vote upon the provisions of Art. 7, Sec. 1, excluding "Indians not taxed" from such right, so it is of the utmost importance that the record clearly disclose the kind of tax paid, if any. It is likewise important that the tribal relationship, laws and customs of these Pueblo Indians be fully shown.

These necessary facts were fully developed in the case of Lewis et al. v. Sabin, our No. 5083, which came to us from McKinley County and was later dismissed by the Indian appellants. Counsel will find the record in that case of assistance at another trial.

For error of the trial court in making its findings of fact Nos. 10, 11 and 12, without sufficient evidence to support them, deeming them material, the judgment will be reversed and the cause remanded to the District Court with directions to set aside its judgment and award a new trial. On the new trial, in view of what we have said, the unsatifactory state of the proof on the important issue whether the plaintiff and other members of the Pueblo Indian tribes pay ad valorem taxes, no doubt, will be clarified and settled by a specific finding. It is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.